*This is just a copy what I send to them*

**STATE OF CALIFORNIA** — **DEPARTMENT OF CORRECTIONS**

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region 1. SAN QUENTIN  2. _____
Log No. 1. _____  2. _____
Category _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: WILSON Coy Jr.  
NUMBER: F17012  
ASSIGNMENT: H-UNIT SAN Quentin S.P.  
UNIT/ROOM NUMBER: 2-H-4-L

**A. Describe Problem:** Deputy Commissioner Michael K. Brady Panel A, San Quentin State Prison at my Revocation Hearing Special Condition Decision Parolee shall not possess or consume Alcohol or enter any establishment whose primary purpose is service on 1-29-08 I was forced to sign a Addendum A Notice and Condition of Parole Condition "C" in both regards does not apply and is invalid P.C. 3053.5 Clearly states implies if a Parolee has no history of Alcohol Testing can not be imposed Condition does not relate to Past Controlling case and Alcohol is not illegal

If you need more space, attach one additional sheet.

**B. Action Requested:** 1.) Remove SB Conditions from said Notice Permanent Addendum
2.) Present Conditions be re-worded A.S.A.P.

Inmate/Parolee Signature: *Coy Wilson Jr.*  
Date Submitted: MAY 23, 2008

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

**FILED JUN X 6 2008  RICHARD W. WIEKING  CLERK, U.S. DISTRICT COURT  NORTHERN DISTRICT OF CALIFORNIA**

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

If a Parolee has no history of Alcohol abuse, random Alcohol Testing cannot be imposed. Since the condition does not relate to past or future criminality and using alcohol is not itself illegal.

But see Penal Code 3053.5 Parole condition to abstain from using Alcohol must be applied to any person convicted of a sex offense while intoxicated or addicted to alcohol

IT doesn't applied to Wilson F11012

May 23, 2008

I am presently in the United States District Court Complaint By A Prisoner Under The Civil Rights Act 42, USC §§ 1983 Filed Apr 23, 08 Coy Wilson Jr Plaintiff vs Shell Gas Station, Diablo Security Company, California Department of Parole Hearing. Under United States District Court Judge Thelton E. Henderson.

Deputy Commissioner Michael K. Brady and Attorney Silas Geneson Failed To Show Good Cause as to why he made a Finding of Good Cause on Assault with a Deadly weapon when The Video Footage recovered by The Contra Costa County Sheriff's Departments report #07-29733 Clearly Shown my Innocence on 1-10-08 At The Probable Cause hearing; I Pleaded and requested for retrival of The Video Footage To be Subpoenaed or other wise be brought in as Evidence in My hearing and 10 days later on 1-29-08 The Video Footage which was Collected by sheriffs Deputy Wong of The Contra Costa County Sheriff Dept was still held back and Not Viewed in Support of my Testimony of Innocence All Stemming from Exhibit-A-Board of Prison Terms Charge Sheet/Revocation Tracking/Scheduling Request. Mr. Agbabiaka was he ever Tested for Drug use At The Time of The Incedent and he was off Duty when Fired his weapon. Over

I've Send one To Appeals Coordinator Region II Parole Headquarters 1515 Clay Street 10Th FL Oakland, Ca. 94612 And I send one To Director of Corrections P.O. Box 942883 Sacramento, Ca. 94283-0001 ATTn: Chief, Inmate Appeals. And I send a Copy of what I've Send out To These Agency for The Records Thank you for your Patience

Mr. Wilson Jr.

### 6. DO PAROLEES HAVE TO SIGN THEIR CONDITIONS OF PAROLE?

Yes.

If a parolee refuses to sign the "Notice and Conditions of Parole," parole will be revoked and he or she will be kept in or returned to custody for up to six months.[30] Therefore, there is usually no point in refusing to sign the agreement. If there is disagreement about whether any condition is lawful or necessary, the prisoner can follow the steps to challenge a parole condition described in Section #16, below.

### 7. WHAT KIND OF PAROLE CONDITIONS CAN THE CDC OR BPT IMPOSE?

Both the California Department of Corrections (CDC) and the Board of Prison Terms (BPT) have authority to impose conditions of parole.[31] Prisoners must be given a written "Notice and Conditions of Parole" at least 30 days before release. Every parolee should be aware of his or her parole conditions because violating those conditions can result in revocation of parole and return to prison or jail.[32]

There are some general parole conditions that are standard and apply to all parolees; these include complying with parole agent instructions, not engaging in criminal conduct, and not owning, possessing, using, or having access to any weapon.[33] In addition, special conditions can be imposed based on particular facts regarding the case or the parolee; some of these special conditions are required by state statutes. The most common special conditions are that a parolee abstain from use of alcoholic beverages, submit to narcotics testing, or participate in psychiatric treatment.[34]

    A condition of parole may be invalid if it:
    1) has no relation to the commitment offense;
    2) relates to conduct which is not in itself criminal; and

---

30. Penal Code § 3060.5; 15 CCR § 2512.

31. Penal Code §§ 3000(b)(5) and 3053 et. seq.; see also 15 CCR §§ 2510, 2512.

32. Penal Code §§ 3056, 3060.

33. See 15 CCR § 2512.

34. See 15 CCR § 2513. Statutes require some parolees to register as sex offenders (Penal Code § 290) and some parolees to not use alcohol (Penal Code § 3053.5). A parolee who was convicted of violating Penal Code § 288 or § 288.5 also can't be placed or reside within 1/4 mile of a kindergarten or elementary school. Penal Code § 3003(g). A person convicted of domestic violence must participate in a counseling program. Penal Code § 3053.2.

5) requires or forbids conduct that is not reasonably related to future criminality.[35]

For instance, if a parolee has no history of alcohol abuse, random alcohol testing cannot be imposed, since the condition does not relate to past or future criminality and using alcohol is not itself illegal.[36] On the other hand, since possession of a firearm by an ex-felon is, in itself, a crime,[37] a prohibition on that conduct is a standard condition of parole.

A parole condition which infringes on a constitutional right may also be held invalid if the condition is not reasonably related to a legitimate purpose, the public value of the condition does not outweigh the infringement, and less restrictive alternatives might serve the same purpose. Conditions also may be invalid if they are excessive or extreme or if they are so vague that they cannot be understood and followed.[38]

---

35. People v. People v. Burgener (1986) 41 Cal.3d 505 [224 Cal.Rptr. 112], overruled on other grounds in People v. Reyes (1998) 19 Cal.4th 743 [80 Cal.Rptr.2d 734]; People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905]; People v. Dominguez (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290]. Many of the cases in this area deal with probation conditions, as courts usually apply the same analysis to both parole and probation conditions.

36. But see Penal Code § 3053.5 (parole condition to abstain from using alcohol must be applied to any person convicted of a sex offense while intoxicated or addicted to alcohol).

37. Penal Code § 12021.

38. People v. Fritchey (1992) 2 Cal.App.4th 829, 836 [3 Cal.Rptr.2d 585]; United States v. Bonanno (N.D. Cal. 1978) 452 F.Supp. 743, 752. The following cases have invalidated probation or parole conditions: People v. Bauer (1989) 211 Cal.App.3d 937 [260 Cal.Rptr. 62] (condition not to become pregnant); People v. Pointer (1984) 151 Cal.App.3d 1128, 1139 [199 Cal.Rptr. 357] (condition forbidding living with parents); People v. Beach (1983) 147 Cal.App.3d 612, 622-623 [147 Cal.App.3d 612] (condition banishing defendant from her home); In re Sheena K. (2004) 116 Cal.App.4th 436 [10 Cal.Rptr.3d 444] (condition that probationer not associate with anyone disapproved by the probation officer); Hyland v. Procunier (N.D. Cal. 1970) 311 F.Supp. 749 (condition that parolee get permission before making a public speech); Arciniega v. Freeman (1971) 404 U.S. 4 [92 S.Ct. 22, 30 L.Ed.2d 126] (condition restricting parolee from associating with other ex-convicts in the course of work for a common employer); People v. Garcia (1993) 19 Cal.App.4th 97, 101-102 [23 Cal.Rptr.2d 340] (condition to not associate – knowingly or unknowingly – with ex-felons or drug); In re Justin S. (2001) 93 Cal.App.4th 811 [113 Cal.Rptr.2d 466] (condition prohibiting association with "any gang members"); In re Stevens (2004) 119 Cal.App.4th 1228 [15 Cal.Rptr.3d 168] (complete prohibition on sex offender from using computers or the Internet when neither computers or the Internet had not been used in committing crime); United States v. Williams (9th Cir. 2004) 356 F.3d 1045 (condition requiring releasee to take all medications prescribed for his mental illness where there was a lack of medical evidence to support such extreme impingement on the right to refuse to medication).

STATE OF CALIFORNIA                                                                                                  DEPARTMENT OF CORRECTIONS
**SUMMARY OF PAROLE ADJUSTMENT**
CDC 1521-B (2/05)

### ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| F17012 | WILSON, COY | 12/24/07 |

#### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| ROBBERY W/ FIREARM, RSP | 211, 496 | 06/22/78 |
| ROBBERY 2ND | 212.5 | 03/27/90 |
| TAKE VEHICLE W/O CONSENT, RSP | 10851, 496 (2CTS) | 03/26/99 |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL. DATE (RRD) |
|---|---|---|
| ANTI-NARCOTIC TESTING | 11/07/06 | 03/19/07 |

*NEVER ARRESTED for NARCOTic DRug or Alcohol* ──────▲

#### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| BAILEY RD, BAY POINT | SISTER | UNSTABLE |

#### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR - TO | POSITION HELD |
|---|---|---|---|
| UNKNOWN | N/A | N/A | N/A |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

The Subject is a 53 year old, multi termer, with a current commitment for petty theft with priors. The Subject's criminal history consists of convictions for robberies, property and narcotic offenses. The Subject's performance on parole has been a complete failure as demonstrated by this being the Subject's fifth violation of absconding. The prior AOR has attempted to work with the Subject by referring him to programs with little success. The AOR can only recommend a return to custody without PC 3057 credits due to the repeated violations.

*Agent of Record Pull my half Time*

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | WILSON, COY | F17012 |

Page 2 of 3

Coy Wilson
F710l2
155 Hollist. #3
Baypoint, CA 94565



Office of THe CLeRk U.S. DisTRict CouRT
RichARd WiIking
450 GolDeN GaTe Ave
SaN FRaNCisCo, CA. 94102

Legal Mail

UNITED STATES POSTAGE
02 1M
000424283
$00.42°
MAY 29 2008
MAILED FROM ZIP CODE 94964
PITNEY BOWES