IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COY WILSON, JR.,

    Plaintiff,

v.

SHELL GAS STATION AND FOOD MART, DIABLO SECURITY COMPANY, CALIFORNIA BOARD OF PAROLE HEARINGS,

    Defendants.

No. C 08-1846 THE (PR)

ORDER OF DISMISSAL

(Docket nos. 2, 4)

Plaintiff, formerly incarcerated at San Quentin State Prison, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that a security guard at a Shell Gas Station accosted him and shot at his vehicle in violation of his rights and that he was subsequently denied the right to present videotape evidence at his parole hearing. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff's application to proceed in forma pauperis is GRANTED in a separate order (docket nos. 2, 4).

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that while he was released on parole, a private security guard at a gas station accosted him and shot at his car, causing him severe emotional problems. Plaintiff also claims that at his hearing before the Board of Parole Hearings, he was denied the right to introduce a videotape of the incident, which would have exonerated him.

The claims against the gas station and security guard and company fail to state a claim for relief. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Moreover, state parole board officials have absolute quasi-judicial immunity when they act to grant, deny or revoke parole, because such actions are functionally comparable to those of judges. Sellars v. Procunier, 641 F.2d 1295,

1302-04 (9th Cir. 1981); <u>Anderson v. Boyd</u>, 714 F.2d 906, 908-09 (9th Cir. 1983) ("Quasijudicial immunity completely shields covered officials when they perform the functions which give rise to the need for absolute protection, even when the officials make egregious mistakes in carrying out these duties."). As such, the complaint presents no cognizable claim against any named Defendant. Accordingly, this action is DISMISSED.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim. The Clerk shall enter judgment accordingly and close the file.

SO ORDERED.

DATED: 10/10/08

THELTON E. HENDERSON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COY WILSON JR.,

        Plaintiff,

v.

SHELL GAS STATION et al,

        Defendant.

Case Number: CV08-01846 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Coy Wilson #:F17012
155 Hill Street, #3
Bay Point, CA 94565

Dated: October 10, 2008

Richard W. Wieking, Clerk
By: T. De Martini, Deputy Clerk